UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DONALD J. MARTIN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 1:15-cv-00692-LJM-DML |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## ORDER

Petitioner Donald J. Martin ("Petitioner" or "Martin") has moved for correction of his sentence pursuant to 28 U.S.C. § 2255 based on ineffective assistance of counsel and the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). For the reasons stated herein, the Court **DENIES** the Motion.

## I. BACKGROUND

Pursuant to a plea agreement pursuant to Federal Rule of Civil Procedure 11(c)(1)(C), Petitioner pled guilty to one count of possession with intent to distribute 28 grams or more of a mixture containing cocaine base (crack cocaine), in violation of 21 U.S.C. §§ 841(a)(1) and 851 (a)(1); and one count of carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i). *See United States of America v. Martin*, 1:08-cr-00124-LJM-TAB-01, Dkt. No. 156 ("Criminal Dkt. No. 156"). Prior to Petitioner's plea hearing, the United States (the "Government") filed an information pursuant to 21 U.S.C. § 851(a)(1), alleging that Petitioner had a prior felony drug conviction. Criminal Dkt. No. 24. The plea agreement provided that, in the event that Petitioner was sentenced to a total of 270 months imprisonment, Petitioner "expressly

waive[d] his right to appeal the conviction and any sentence imposed in this case on any and all grounds, . . . [and] expressly agree[d] not to contest, or seek to modify, his conviction or sentence or the manner in which it was determined in any type of proceeding, including, but not limited to, an action brought under 18 U.S.C. § 3582 or 28 U.S.C. § 2255." Criminal Dkt. No. 72.

Petitioner moved for and was granted a mental competency examination as well as a second opinion regarding same. Criminal Dkt. Nos. 94, 013, 114, 123, 124. Petitioner was deemed competent. Criminal Dkt. No. 124.

Petitioner was sentenced to an aggregate sentence of 270 months of imprisonment. Criminal Dkt. No. 156.

In his Petitioner, Martin asserts that his counsel was ineffective at sentencing because counsel allowed Martin to be sentenced when he was incompetent. Specifically, the report contained inconsistent information, which was never raised by counsel. Dkt. No. 1 at 4. In his supplemental petition, Martin challenges his sentence under the *Johnson* case, which rendered the residual clause of the Armed Career Criminal Act unconstitutional, and was made retroactive by *Welch v. United States*, 136 S. Ct. 1257 (2016). Dkt. No. 22.

## II. DISCUSSION

### A. INEFFECTIVE ASSISTANCE OF COUNSEL

Petitioner's motion with respect to ineffective assistance of counsel must be denied. First, Martin waived his right to see post-conviction relief when he made his plea. If the "plea was voluntary, the waiver of appeal [or post-conviction collateral relief] must be enforced." *Nunez v. United States*, 546 F.3d 450, 453 (7th Cir. 2008). The Court

concluded at the hearing that Petitioner's plea was entered into knowingly and voluntarily. He has presented nothing new in his Petition or other papers to undermine that conclusion.

Second, although waiver can be overcome in certain circumstances, Petitioner has failed to evidence that he is entitled to relief under the high bar set by the ineffective assistance of counsel standard. Under the Sixth Amendment to the U.S. Constitution, an accused has a right to "reasonably effective assistance" of counsel. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The right to effective assistance of counsel is denied when the performance of counsel falls below an objective standard of reasonable professional conduct and thereby prejudices the defense. *See Yaborough v. Gentry*, 540 U.S. 1, 5 (2003) (citing *Strickland*, 466 U.S. at 668-94). For Petitioner to establish that his "counsel's assistance was so defective as to require reversal" of a conviction or sentence, he must make two showings: (1) deficient performance that (2) prejudiced his defense. *Strickland*, 466 U.S. at 687.

With respect to the first element of the *Strickland* test, "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Wiggins v. Smith*, 539 U.S. 510, 521 (2003) (quoting *Strickland*, 466 U.S. at 688). "Judicial scrutiny of counsel's performance must be highly deferential." *Strickland*, 466 U.S. at 689. The performance of counsel is evaluated from counsel's perspective at that time, making every effort to "eliminate the distorting effects of hindsight." *Wiggins*, 539 U.S. at 523 (quoting *Strickland*, 466 U.S. at 688). *See also Kokoraleis v. Gilmore*, 131 F.3d 692, 696 (7th Cir. 1997). Because there is a strong presumption that counsel's representation is effective, "[t]he question is whether an attorney's representation

amounted to incompetence under prevailing professional norms, not whether it deviated from best practices or most common custom." *Harrington v. Richter*, 562 U.S. 86, 88 (2011).

Here, Petitioner merely argues that his counsel should have argued that the inconsistencies in the psychologist's evaluations rendered him incompetent to enter into a plea. This is not enough to show that counsel's performance fell below the prevailing professional norm. In fact, counsel raised Petitioner's long-standing psychological problems at the hearing, and, having assessed the reports and the Court's ruling thereon, concluded that Martin had voluntarily and knowingly entered into the plea. Sentencing Tr. at 4. And, the Court also acknowledged Petitioner's issues in its discussion of the § 3553(a) factors, noting that considerable time and effort had been put in to determine Petitioner's mental competency, and that multiple doctors had concluded that Martin was competent. *Id.* at 8-9. Moreover, the Court stated that, in its experience, Petitioner's struggle to accept responsibility was not unusual. *Id.* Petitioner's mental health issues were competently raised by counsel and addressed by the Court at sentencing.

Further, Petitioner presents no argument or evidence that he was prejudiced in any way by the manner in which counsel raised his mental health issues. As previously discussed, counsel mentioned the competency evaluations and his own conclusion that Petitioner entered into the plea agreement knowingly and voluntarily. The Court also pointed out the multiple competency evaluations and the findings therein, which all pointed to a conclusion that Martin was competent to enter into a plea agreement. In addition, Petitioner presents no evidence that the sentence that he received would have

been any better had he gone to trial. For these reasons, Petitioner cannot show that his circumstances pass the second prong of the *Strickland* test.

## B. RELIEF IS UNAVALABLE UNDER *JOHNSON*

Petitioner also asserts that he is entitled to relief under *Johnson* because his prior conviction for robbery is not considered a "crime of violence" and he is not a career offender within the meaning of the U.S. Sentencing Commission Guidelines § 4B1.1. Dkt. No. 22. However, in *Beckles v. United States*, 137 S. Ct. 886 (2017), the U.S. Supreme Court concluded that the Sentencing Guidelines are not subject to vagueness challenges under the Due Process Clause. In other words, the holding in *Johnson* does not apply to cases, like the Petitioners, that challenge a guideline calculation. Therefore, Petitioner's motion on this ground is also without merit.

## III. CONCLUSION

For the reasons stated herein Petitioner Donald J. Martin's motion pursuant to 25 U.S.C. § 2255 is **DENIED**. The Court will enter judgment accordingly and **a copy of this Order will be docketed in Cause No. 1:08-cr-00124-LJM-TAB-01**.

## IV. DENIAL OF CERTIFICATE OF APPEALABILITY

Pursuant to Federal Rule of Appellate Procedure 22(b), rule 11(a) of the Rules Governing § 2255 proceedings, and 28 U.S.C. § 2253(c), the Court finds that the Petitioner has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court therefore **DENIES** a certificate of appealability.

IT IS SO ORDERED this 14th day of September, 2017.

Distribution attached.

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution:

DONALD J. MARTIN
08948-028
GREENVILLE - FCI
GREENVILLE FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 5000
GREENVILLE, IL 62246

Barry D. Glickman
UNITED STATES ATTORNEY'S OFFICE
barry.glickman@usdoj.gov

James Robert Wood
UNITED STATES ATTORNEY'S OFFICE
bob.wood@usdoj.gov